UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LLEWELLYN S. GEORGE,

                Plaintiff,

-against-

CITY OF WHITE PLAINS, N.Y.; CITY COURT OF WHITE PLAINS, N.Y.; JOANN FRIIA,

                Defendants.

21-CV-10457 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action, invoking the Court's federal question jurisdiction. By order dated May 26, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] In 2012, Plaintiff was barred under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing any new federal civil action IFP while a prisoner unless he is in imminent danger of serious physical injury. *See George v. Cnty. of Westchester*, ECF 1:12-CV-5050, 9 (S.D.N.Y. Sept. 27, 2012). Because Plaintiff was not a prisoner when he filed this action, Section 1915(g) does not bar this IFP filing.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Llewellyn S. George brings this action against the City of White Plains, N.Y.; the City Court of White Plains, N.Y.; and JoAnn Friia, the City of White Plains Drug Court Judge. Plaintiff uses the court's general complaint form, and in the section that asks Plaintiff to specify which of his federal constitutional or federal statutory rights have been violated, he writes, "Plaintiff's first and fourteenth amendment rights were violated by the defendant(s), on

the 26th day of July, 2021." (ECF No. 2 at 2.) In his Statement of Claim, Plaintiff asserts that the events giving rise to his claims occurred from "July 26th, 2021 to November 1st, 2021," in the City Court of White Plains, New York. (*Id.* at 5.)

Plaintiff alleges the following facts. On July 26, 2021, Plaintiff appeared in the City of White Plains Drug Court, before Judge Friia, because he was alleged to have violated the conditions of his drug court contract. Specifically, on July 23, 2021, Plaintiff was discharged from Horizon Village, a residential substance abuse treatment facility.

Although Plaintiff contends that he was discharged in retaliation for verbal and written complaints that he filed pertaining to the conditions at Horizon Village, Defendant Friia remanded Plaintiff to the custody of the Westchester County Department of Correction. Plaintiff asserts that Defendant Friia's decision was based on information that Plaintiff asserts was "false, misleading, and never substantiated by Defendant Friia." (*Id.* at 6.) Plaintiff was subsequently accepted into another program, Innovative Health Service, but Defendant Friia refused to release Plaintiff for treatment. Defendant Friia also added "fabricated charges to Plaintiff's docket," (*id.* at 9), and kept Plaintiff detained on "non-violent, petit larceny offenses," (*id.* at 11.)

Plaintiff asserts that he was detained for four months as a result of Defendant Friia's actions, and that the detention caused a delay in Plaintiff obtaining permanent housing, and dental and mental health treatment. He seeks "$200,000.00 (two hundred thousand dollars) in punitive damages, and $100,00.00 (one hundred thousand dollars) in compensatory damages, and for each day [he] was detained." (*Id.* at 6.)

## DISCUSSION

Because Plaintiff alleges that Defendants violated his constitutional rights, the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the

3

United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.     Claim against City Court of White Plains**

Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. The City Court of White Plains, N.Y. is not a "person" within the meaning of Section 1983 and therefore is not an entity that can be sued. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, ECF 1:97-CV-420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983).

Moreover, the City Court of White Plains, N.Y. does not have a legal identity separate and apart from the City of White Plains and therefore cannot be sued. *See* Fed. R. Civ. P. 17(b); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued.") Therefore, Plaintiff's claims against the City Court of White Plains, N.Y., must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claim against City of White Plains**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government

4

may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff does not include any facts about what the City of White Plains did or failed to do that caused a violation of his rights. He also does not allege facts showing that a policy, custom, or practice of the City of White Plains caused him any injury. Plaintiff's allegations thus fail to state a claim on which relief can be granted against this municipality under Section 1983.

C.  **Claims against Judge Friia**

Plaintiff's claims against Judge Joann Friia must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . .." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

There are only two sets of circumstances in which judicial immunity does not apply: (1) when a judge takes action that is outside the judge's judicial capacity; or (2) when a judge takes action, that, although judicial in nature, is in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. "[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff does not allege any facts showing that Judge Friia acted beyond the scope of her judicial responsibilities or outside of her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Friia for "acts arising out of, or related to, individual cases before her," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge JoAnn Friia under the doctrine of judicial immunity, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

### D. Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 18, 2022
        New York, New York

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge